IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM VENSON, also known as ELTON LEE HOLLY, | ) ) ) | |
| Petitioner | ) ) | |
| vs. | ) ) | Civil Action No. 07-1569 Judge William L. Standish/ |
| J.M. KILLINA (Warden); DISTRICT ATTORNEY OF ALLEGHENY COUNTY; ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) ) ) ) ) | Magistrate Judge Amy Reynolds Hay |
| Respondents | ) | |

REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that the habeas petition filed pursuant to 28 U.S.C. § 2254 be dismissed for lack of jurisdiction and/or as time barred. It is further recommended that a certificate of appealability be denied.

II. REPORT

William Venson ("Petitioner"), also known as, Elton Lee Holly, seeks to challenge, via this Section 2254 habeas petition, a State conviction obtained on June 19, 1995, in the Allegheny County Court of Common Pleas, more than 13 years prior to his filing the instant petition. He does so, not because he is in custody pursuant to that conviction any longer but because on October 13, 2000, that State court conviction was used to enhance a federal sentence that he is currently serving. Because he is no longer in custody pursuant to the State conviction, this court lacks jurisdiction over the petition despite his claim that he had no counsel in the State court proceedings. Alternatively, because this petition was not filed within one year of that State

conviction becoming final, it is time barred.

   **A. Relevant Procedural History**

   On August 8, 1994 Petitioner was arrested for selling marijuana. State Court Record, Police Report dated August 9, 1994. In the police report, the authoring officer wrote: "PLEASE NOTE AS THE DETS. WERE ATTEMPTING TO ASCERTAIN THE ARRESTED ACTOR[']S IDENTITY; THE ACTOR PROVIDED THE DETS. WITH SEVERAL DIFFERANT [sic] NAMES AND D.O.B.S. THE ACTOR STATED HE DID NOT KNOW HIS MOTHER[']S ADDRESS OR PHONE NUMBER NOR HIS FATHER[']S. WHEN THE DETS. CONTACTED A PERSON WHOM THE ACTOR CLAIMED TO BE HIS SEPT-MOTHER[,] SHE STATED THAT THE ACTOR WAS EIGHTEEN, BUT ALSO SAID THE ACTOR COULD BE USING SEVERAL NAMES. BASED ON THIS THE ACTOR WAS JOHN DOED. State Court Record, Police Report, at p. 2.

   Thereafter, Petitioner was charged by Criminal Information filed in the Court of Common Pleas of Allegheny County, Criminal Division at CC 1994115672 with one (1) count each of Violation of Controlled Substance, Drug, Device and Cosmetic Act: Possession with Intent to Deliver (marijuana) and Violation of Controlled Substance, Drug, Device and Cosmetic Act: Possession of Controlled Substance (marijuana). This Information had been filed without the holding of a preliminary hearing, as Petitioner could not be located, and a warrant was then issued for his arrest. Petitioner was not arrested on that warrant until June 6, 1995.

   Petitioner was approved for prosecution through the Plea Disposition Quickie (PDQ) program of the Allegheny County Court of Common Pleas and on June 19, 1995, Petitioner appeared before the Honorable David S. Cercone, who, at that time was a Judge of the Common

Pleas Court, who now serves on this Court, to enter a negotiated plea of guilty. Todd Hollis, Esquire signed the six (6) page PDQ Guilty Plea Explanation of Defendant's Rights form (hereinafter "written guilty plea colloquy") which Petitioner also signed. However, during the one-page transcript of the entire guilty plea hearing and sentencing, only Petitioner spoke. Dkt. [9-2] at 49. In addition, on the front page of the transcript, as contained in the State Court Record, where attorney appearances are usually recorded, only the appearance of the assistant District Attorney appears, there is no listing for the appearance of Attorney Hollis. Deputy District Attorney Joel Kaufman, Esquire represented the Commonwealth. Petitioner signed the written guilty plea colloquy and entered a negotiated plea of guilty in open court. Dkt. [9-2] at 22 to 27. Accordingly, on that same date, i.e., June 19, 1995, at Count 1, Petitioner was sentenced to a term of incarceration of not less than seventeen (17) days nor more than twenty-three (23) months. Petitioner was paroled forthwith. Because Petitioner was released immediately upon parole, there appears to have been no incentive for him to challenge the sentence or conviction at that time. Moreover, as the Superior Court found, by its own terms, Petitioner's sentence fully expired as of May 19, 1997, 23 months after June 19, 1995, the date whereon the sentence was imposed. Dkt. [9-4] at 6 ("Since Appellant's sentence was completely served by May 19, 1997, he is no longer eligible for post-conviction relief. . . ."). Hereinafter, this conviction shall be referred to as the "1995 State drug conviction."

No further action was taken on the 1995 State drug conviction until nearly 10 years after the sentence became final and nearly 8 years after the sentence had fully expired, when, on March 10, 2005, Petitioner wrote a letter to Judge Cercone, Dkt. [9-2] at 30, seeking to invalidate his conviction. In his correspondence, Petitioner stated that he had given a fictitious date of birth

at the time of his arrest in the instant case, causing him to be viewed as eighteen (18) years of age rather than seventeen (17), that his case therefore actually should have been handled in juvenile court, and that he had been treated as a career offender by the federal system, where he was serving a sentence for bank robbery, as the result of having been treated as an adult rather than as a juvenile in the 1995 State drug conviction proceedings.

Some five years prior to Petitioner writing this letter, he was charged in a one-count indictment with committing a bank robbery in the Eastern District of Virginia and on June 22, 2000, Petitioner pled guilty to the charge. United States v. Venson, No. 1:2000-CR-201 (E.D. Va. Dkt. 50 at 1)(opinion disposing of Petitioner's Section 2255 motion)(available on PACER). Petitioner was sentenced to 262 months imprisonment, followed by five years of supervised release. Id. According to Petitioner, his federal sentence is being "enhanced by over 10 years, based on this [allegedly unconstitutional 1995 State drug] conviction." Dkt. [5] at 13, ¶ 18. Petitioner's extensive history of trying to challenge his enhanced federal bank robbery sentence is recounted in the Eastern District of Virginia Court's opinion disposing of his Section 2255 motion. Needless to say, Petitioner was unsuccessful in that attempt and he is here now attempting to attack a State conviction for which he is no longer in custody.

As noted above, Petitioner attempted to initiate proceedings in the State Court to challenge his 1995 State drug conviction via letter addressed to Judge Cercone. However, because Judge Cercone had been named a judge to this Court and was no longer serving on the Allegheny County Common Pleas bench, the letter was routed to Judge Donald Machen. Judge Machen determined that Petitioner's letter should be treated as a petition for post-conviction relief under the Post Conviction Relief Act (PCRA) and appointed Scott Coffey, Esquire, to

represent petitioner in connection with proceedings under the Act. On April 4, 2005, Attorney Coffey entered his appearance.

On June 28, 2005, Attorney Coffey filed a Motion to Withdraw as PCRA Counsel, Proposed Order, and Turner/Finley Letter. Dkt. [9-2] at 31 to 41. On June 28, 2005, Judge Machen issued an Order of Court, which gave notice of the Court's intention to dismiss the petition. Id., at 42. On July 22, 2005, Petitioner filed a pro se Defendant's Response to the Court's Notice of Intention to Dismiss. Id., at 43 to 50. On August 23, 2005, Judge Machen dismissed the petition based upon the fact that because Petitioner was no longer in custody pursuant to the 1995 State drug conviction, he was not able to challenge that conviction by a PCRA petition, which requires as a condition precedent under State law, that the PCRA petitioner be in custody in order to challenge the conviction. Dkt. [9-3] at 1.

On September 21, 2005, Petitioner filed a pro se Notice of Appeal. On May 22, 2006, Petitioner filed a pro se Brief for Appellant in the Superior Court of Pennsylvania, which was docketed at No. 2012 WDA 2005.[1]

---

[1] On appeal, Petitioner raised the following claims:

I. Did the court error [sic] when it (a) did not allow appellant his right of allocution, (b) did not inquire into any of the six mandatory areas during his guilty plea colloquy, (c) did not inform appellant of his appeal rights and his right to file a post-sentence motion and (d) failed to ensure appellant was an adult? **SUGGESTED ANSWER, YES**
II. Was appellant denied his equal protection right, guaranteed to him by the U.S. Constitution, 14th Amendment, to be represented by counsel during his guilty plea/sentencing hearing and be informed of his right to counsel on appeal? **SUGGESTED ANSWER, YES**
III. Did the court err (a) by converting appellant's letter to a PCRA and, (b) by granting appellant's counsel['s] motion to withdraw as PCRA counsel? **SUGGESTIVE [**sic**] ANSWER, YES**

Dkt. [9-3] at 20.

On September 13, 2006, the Superior Court affirmed the judgment of the Court of Common Pleas of Allegheny County. Dkt. [9-4] at 1 to 7. Petitioner did not file a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania.

Nearly one year later, on August 7, 2007, petitioner executed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in this Court, seeking to attack his 1995 State drug conviction. In that petition, he raised the following issues:

> GROUND ONE: Petitioner's Constitutional right, pursuant to the 14th Amendment where [sic] violated when petitioner was denied his right to counsel [at the guilty plea/sentencing hearing]....

Dkt. [5] at 5.

> GROUND TWO: Petitioner's Constitutional and Equal Protection Rights were violated when the trial court sentenced petitioner as an adult, when in fact he was a juvenile. . . . .

Id., at 7.

> GROUND THREE: Petitioner's Constitutional rights were violated by the trial court's failure to provide plaintiff [sic] with a proper guilty plea colloquy. . . .

Id., at 9.

> GROUND FOUR: The Pennsylvania PCRA statute is unconstitutional. . . .

Id., at 10. The Respondents named in the Section 2254 habeas petition were: (1) J.M. Killina who apparently is the Warden at F.C.I. Otisville, where Petitioner is currently serving his federal sentence as enhanced by the 1995 State drug conviction, (2) the Attorney General of the State of Pennsylvania and (3) the District Attorney of Allegheny County.

The District Attorney filed an answer on behalf of the Respondents, arguing, *inter alia*, the defenses that (1) because Petitioner was not in custody pursuant to the 1995 State drug

conviction at the time of filing this habeas petition, we cannot grant him relief, and (2) the petition is untimely filed. Dkt. [9]. Petitioner filed a traverse. Dkt. [12].

**B. Applicable Legal Principles**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (AEDPA) which amended the standards for reviewing State court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because petitioner's habeas petition was filed after the effective date of AEDPA, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

**C. Discussion**

In order for the District Court to have jurisdiction over a Section 2254 habeas petition, the habeas petitioner must, as of the date of the filing of the habeas petition, be "in custody" under the sentence/conviction being attacked by the petition. See, e.g., Maleng v. Cook, 490 U.S. 488, 492 (1989); Kingsley v. Massachusetts, 2 F.3d 1148 (Table), 1993 WL 315448, at *1 (1st Cir. 1993)("We are persuaded that this habeas petition was properly dismissed because Kingsley was not 'in custody' when he filed it, therefore the district court lacked subject matter jurisdiction."); Van Zant v. Florida Parole Com'n, 104 F.3d 325, 326 (11th Cir. 1997)("We reverse and remand with instructions to dismiss the petition for lack of subject matter jurisdiction because Van Zant was not 'in custody' under 28 U.S.C. § 2241 to challenge the parole revocation at the time of the filing of his petition.").

Petitioner is attacking directly his 1995 State drug conviction in this Section 2254 petition, which was filed roughly 8 years after all custody flowing from the 1995 drug conviction had ceased, i.e., after the 1995 State drug conviction was fully expired. Petitioner wishes to now

directly attack that fully expired 1995 State drug conviction because he contends that the federal bank robbery sentence, which he is currently serving, is being enhanced by the fully expired 1995 State drug conviction. In making his argument, Petitioner relies upon Coss v. Lackawanna, 532 U.S. 394 (2001)(hereinafter "Coss II"), wherein one of the questions addressed was: "the extent to which the [prior expired] conviction itself may be subject to challenge in the attack upon the [current] senten[ce] which it was used to enhance." Coss II, 532 U.S. at 402.

However, Coss II is distinguishable on its facts from Petitioner's case. In Coss II, the petitioner brought a Section 2254 petition in the proper Federal District Court to attack a State court conviction that had been obtained within the boundaries of the Federal District Court, and the sentence that was formally being attacked in Coss II, was the sentence he was then serving (which we shall refer to as the "currently served enhanced sentence") and the attack was based on a claim that the currently served enhanced sentence was being enhanced by a prior fully expired State conviction (which we shall refer to as the "fully expired prior sentence") that was itself unconstitutional. In contrast, Petitioner seeks to bring in this Court, a Section 2254 petition attacking, not his currently served enhanced sentence, (which is, in fact, a federal sentence and hence not subject to a section 2254 petition and, even if properly attacked via a Section 2255 motion, such a 2255 motion could not be properly brought in this District) but his fully expired prior sentence. This he may not do even under the holding of Coss II, and this is so even if he had no counsel for his fully expired prior sentence as he asserts.

In Coss, the State prisoner, Edward Coss, had filed a 2254 petition in the United States District Court for the Middle District of Pennsylvania, challenging his then currently served enhanced State sentence, i.e., a 1990 State conviction and sentence, arising from a Lackawanna

County Court of Common Pleas, which is located within the Middle District Court's territory. Petitioner Coss, alleged that his 1990 State conviction was enhanced based upon his fully expired prior State sentence, i.e., an allegedly unconstitutional 1986 State court conviction, which also arose from the Lackawanna County Court of Common Pleas. Coss v. Lackawanna County Dist. Atty., 204 F.3d 453, 456 -58 (3d Cir. 2000)(describing history of the two convictions), *rev'd*, 532 U.S. 394 (2001)(hereinafter "Coss I"). At the time of filing the federal habeas petition challenging the 1990 State conviction, Coss had already completely served the sentence for the 1986 State conviction. At the time of filing the 2254 petition, Coss was serving the sentence imposed for the 1990 State conviction. Coss claimed that the 1986 State conviction was unconstitutionally obtained and that the 1986 State conviction was used to enhance his sentence for the 1990 State conviction. Although the Court of Appeals for the Third Circuit ordered relief in Coss I, the Supreme Court reversed in Coss II, finding that Coss's sentence for the 1990 State conviction was not adversely effected or was not enhanced by the 1989 State conviction. In the course of its opinion, the Supreme Court reasoned that Coss had satisfied the "in custody" requirement of Section 2254 as to the 1990 State sentence which he was then currently serving but not as to the 1989 conviction. The Coss II Court explained:

> We held [in *Maleng v. Cook*, 490 U.S. 488 (1989) (per curiam)] that the respondent was not "in custody" on his 1958 conviction merely because that conviction had been used to enhance a subsequent sentence. *Id*. at 492. We acknowledged, however, that because his § 2254 petition "[could] be read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly invalid prior conviction, ... respondent ... satisfied the 'in custody' requirement for federal habeas jurisdiction." *Id*. at 493-494.
> Similarly, Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore, cannot bring a federal habeas petition directed solely at those convictions. Coss is, however, currently serving the sentence for his 1990 conviction. Like the respondent in *Maleng*, Coss' § 2254 petition can be

County Court of Common Pleas, which is located within the Middle District Court's territory. Petitioner Coss, alleged that his 1990 State conviction was enhanced based upon his fully expired prior State sentence, i.e., an allegedly unconstitutional 1986 State court conviction, which also arose from the Lackawanna County Court of Common Pleas. Coss v. Lackawanna County Dist. Atty., 204 F.3d 453, 456 -58 (3d Cir. 2000)(describing history of the two convictions), *rev'd*, 532 U.S. 394 (2001)(hereinafter "Coss I"). At the time of filing the federal habeas petition challenging the 1990 State conviction, Coss had already completely served the sentence for the 1986 State conviction. At the time of filing the 2254 petition, Coss was serving the sentence imposed for the 1990 State conviction. Coss claimed that the 1986 State conviction was unconstitutionally obtained and that the 1986 State conviction was used to enhance his sentence for the 1990 State conviction. Although the Court of Appeals for the Third Circuit ordered relief in Coss I, the Supreme Court reversed in Coss II, finding that Coss's sentence for the 1990 State conviction was not adversely effected or was not enhanced by the 1989 State conviction. In the course of its opinion, the Supreme Court reasoned that Coss had satisfied the "in custody" requirement of Section 2254 as to the 1990 State sentence which he was then currently serving but not as to the 1989 conviction. The Coss II Court explained:

> We held [in *Maleng v. Cook*, 490 U.S. 488 (1989) (per curiam)] that the respondent was not "in custody" on his 1958 conviction merely because that conviction had been used to enhance a subsequent sentence. *Id*. at 492. We acknowledged, however, that because his § 2254 petition "[could] be read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly invalid prior conviction, ... respondent ... satisfied the 'in custody' requirement for federal habeas jurisdiction." *Id*. at 493-494.
> Similarly, Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore, cannot bring a federal habeas petition directed solely at those convictions. Coss is, however, currently serving the sentence for his 1990 conviction. Like the respondent in *Maleng*, Coss' § 2254 petition can be

(and has been) construed as "asserting a challenge to the [1990] senten[ce], as enhanced by the allegedly invalid prior [1986] conviction." *Id.*, at 493. . . Accordingly, Coss satisfies § 2254's "in custody" requirement.

Coss II, 532 U.S. at 401 - 02.

Thus, to the extent that Petitioner herein seeks to directly challenge his 1995 State drug conviction, because he has completely served the sentence for that conviction, he, like Coss, cannot do so for he, like "Coss is no longer serving the sentences [imposed pursuant to his 1995 State drug] conviction[], [and therefore,] he cannot bring a federal habeas petition directed solely at those convictions." Coss II, 532 U.S. at 394. Hence, the petition should be dismissed to the extent that Petitioner seeks to directly challenge his 1995 State drug conviction because Petitioner is no longer in custody pursuant to that 1995 State drug conviction. See id.; Neyor v. Immigration and Naturalization Service, 155 F.Supp.2d 127, 134 (D.N.J. 2001)("From the reasoning of *Maleng* and *Young* [ *v. Vaughn*, 83 F.3d 72 (3d Cir. 1996)], then it is clear that petitioner is not 'in custody' under the expired state conviction.").

This is so, even if we assume, without deciding, that Petitioner was without counsel (as he contends) at the 1995 State drug conviction's guilty plea/sentencing hearing. Petitioner makes this argument because Coss II carved out an exception to the "if not in custody, then no habeas jurisdiction lies" rule for those cases where the habeas petitioner was directly challenging the currently served enhanced sentence based on the fact that during the proceedings resulting in the fully expired prior sentence (which is enhancing the currently served sentence), the defendant did not have counsel. In such cases, then the habeas petitioner could attack the fully expired prior sentence in the habeas petition that was formally attacking the currently served enhanced sentence.

- 10 -

In Coss II, the Supreme Court declared that the rule of Daniels v. United States, 532 U.S. 374 (2001), announced in the context of a § 2255 petition, applied equally in the context of a § 2254 petition. Specifically, the Coss II court declared that

> [w]e held there [in *Daniels*] that "[i]f ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant ... may not collaterally attack his prior conviction through a motion under § 2255." Post, at ____, 121 S.Ct. 1578, 1583. We now extend this holding to cover § 2254 petitions directed at enhanced state sentences.

Coss II, 532 U.S. at 402. The Court in Coss II then stated the general rule that

> [a]ccordingly, as in *Daniels*, we hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. See *Daniels*, post, at ____, 121 S.Ct., at 1583. If that conviction is later used to enhance a criminal sentence, the defendant **generally** may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Coss II, 532 U.S. at 403 - 04 (emphasis added). Hence, the general rule is that one may not attack the currently served enhanced sentence on the basis of a claim that the fully expired prior sentence (which was used to enhance the currently served sentence) was unconstitutional.

The Court in Coss II carved out at least one exception to the general rule announced therein. The Court in Coss II stated that

> As in *Daniels*, we recognize an exception to the general rule for § 2254 petitions **that challenge an enhanced sentence** on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963). The special status of *Gideon* claims in this context is well established in our case law. See, e.g., *Custis v. United States*, 511 U.S. 485, 496-497 (1994). . .
> As we recognized in *Custis*, the "failure to appoint counsel for an indigent

> [is] a unique constitutional defect ... ris[ing] to the level of a jurisdictional defect," which therefore warrants special treatment among alleged constitutional violations. See 511 U.S. at 496. Moreover, allowing an exception for Gideon challenges does not implicate our concern about administrative ease, as the "failure to appoint counsel ... will generally appear from the judgment roll itself, or from an accompanying minute order." 511 U.S. at 496.

Coss II, 532 U.S. at 404 (emphasis added). Hence, the exception to the rule is that one may attack the currently served enhanced sentence on the basis that the fully expired prior sentence was unconstitutional but only on the basis that no counsel was appointed for the defendant in the proceedings that lead to the fully expired prior sentence.

However, the exception in Coss II does not permit Petitioner to bring the instant direct challenge to his now-fully expired 1995 State drug conviction even if he did not have counsel for those 1995 proceedings. In other words, the exception does not permit a direct attack on the fully expired prior sentence, which is what Petitioner is attempting to do. Rather, the exception in Coss II, **at most**, would permit him to bring a Section 2255 challenge in the United States District Court for the Eastern District of Virginia to challenge his currently served enhanced sentence as being unconstitutionally enhanced by the putatively unconstitutional 1995 State drug conviction.[2, 3] Thus, because Petitioner's fully served 1995 State drug conviction is no longer

---

[2] To the extent that Third Circuit precedent, including Young v. Vaughn, 83 F.3d 72 (3d Cir. 1996) and Clark v. Pennsylvania, 892 F.2d 1142 (3d Cir. 1989), cert. denied, 496 U.S. 942 (1990) permit or require a contrary outcome here, they have been abrogated sub silentio by Coss II.

[3] In part III(B) of the Coss II opinion, a portion of the opinion, in which only a plurality joined, there is a reference to "another exception" in addition to the failure to appoint counsel. Coss II, 121 S.Ct. 1574-75. The contours of this second exception are not as clear as the first exception, however, this second exception permits a 2254 petitioner to directly attack a currently served enhanced sentence on the basis that the fully expired prior sentence where the habeas petitioner's failure to earlier attack the fully expired prior sentence on federal grounds was not attributable to the petitioner. The plurality gave as examples of this second exception circumstances where the State court may without justification refused to rule on a constitutional claim that has been properly presented to it or where there was evidence discovered only after the time for State review had expired that proves the convict is actually innocent of

open to direct or collateral attack in its own right because Petitioner is not "in custody" for that conviction and hence, this Court lacks jurisdiction over the petition, his habeas petition pursuant to Section 2254 must be dismissed for lack of subject matter jurisdiction. See, e.g., Gilbert v. Miner, NO. CIV.A. 07- 3176, 2007 WL 2688940 (D.N.J. Sept. 11, 2007).

Gilbert v. Miner is strikingly similar to the instant case. Mr. Gilbert was, at the time of filing his Section 2254 petition, like the Petitioner herein, serving a federal sentence, which, coincidentally, had been imposed by the federal District Court of New Jersey. Like Petitioner herein, Gilbert argued that his federal sentence was enhanced due to an unconstitutional fully expired prior State sentence. Like Petitioner herein, rather than file a Section 2255 motion in the federal court of conviction, Gilbert filed a Section 2254 petition in the District of New Jersey to challenge his fully expired State sentence.[4] The Gilbert Court rejected Gilbert's attempt at

---

the crime. See id. However, these statements concerning a second exception were made only by a plurality of the court. The majority opinion was authored by Justice O'Connor and joined by Rehnquist, C.J., Scalia, Kennedy and Thomas, JJ. However, neither Justice Scalia or Justice Thomas joined the opinion as to part III(B). Coss II, 532 U.S. at 396 n.*. Because, the second exception is accepted by only a plurality of the Supreme Court, it is not binding. United States v. Velasquez, 885 F.2d 1076, 1085 (3d Cir. 1989) (plurality opinion from Supreme Court not binding on lower courts).

    Moreover, even if this court found the plurality's second exception to be persuasive authority, the second exception does not appear from the record to be applicable herein. Because even under the Coss II plurality's reasoning, Petitioner's present attempt to attack the fully expired 1995 State drug conviction can **only** be brought **indirectly** in a petition that formally attacks a currently served enhanced sentence and not in a petition that directly and formally attacks the now fully expired prior sentence. The plurality explained that "[w]hatever such a petitioner must show to be eligible for review [under the second exception], the challenged prior [fully expired] conviction must have adversely affected the sentence **that is the subject of the habeas petition**" and under which the petitioner was still in custody at the time of the filing of the habeas petition. Coss II, 532 U.S. at 406 (emphasis added). Even the plurality does not envision the situation that Petitioner herein brings, i.e., a direct challenge to a sentence that is fully served and for which he is no longer in custody at the time of the filing of the habeas petition which is formally attacking the fully expired sentence. Thus, Petitioner does not fall within even the plurality's second exception announced in Coss II.

    [4] Incidentally Gilbert's federal sentencing court was also the District Court of New Jersey, which was also the proper court for the filing of Gilbert's Section 2254 petition, challenging his fully expired State sentence since the State sentence arose from a State court within the territorial confines of

challenging his fully expired State sentence as follows:

> Here, Petitioner, a prisoner who is currently in federal custody, expressly challenges a state conviction which expired 15 years before Petitioner signed his § 2254 Petition on July 5, 2007. Like the petitioner in *Maleng*, Petitioner directly challenges a fully expired conviction under § 2254, which was used to enhance a subsequent sentence. Under the holding of *Maleng*, this Court lacks jurisdiction over the Petition under § 2254 because Petitioner was not "in custody" pursuant to the state conviction he challenges at the time he filed this Petition.
>
> Petitioner nevertheless argues that he is "in custody" within the meaning of 28 U.S.C. § 2254 under the holding of *Lackawanna County District Attorney v. Coss*, 532 U.S. 394. In *Daniels v. United States*, 532 U.S. 374 (2001), and *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001), the Supreme Court addressed whether a prisoner may challenge a current sentence under § 2254 ( *Coss* ) or § 2255 ( *Daniels* ) on the ground that a prior state conviction used to enhance the current sentence was unconstitutionally obtained. This Court will briefly outline *Coss* and *Daniels*, and will then consider Petitioner's contention that his is "in custody" under the holding of *Coss*.
>
> . . . .
>
> Similarly, in *Daniels v. United States*, 532 U.S. 374, Daniels filed a motion to vacate, set aside, or correct, pursuant to 28 U.S.C. § 2255, his current federal sentence on the ground that it was imposed in violation of the Constitution because it was based in part on fully expired state convictions which were themselves unconstitutional because they were both based on guilty pleas that were not knowing and voluntary, and because one conviction was also the product of ineffective assistance of counsel. *Id*. at 377. Because Daniels was serving the federal sentence he was challenging at the time he filed his § 2255 motion, there was no question that he was "in custody" on the conviction being attacked, and the Supreme Court did not discuss this issue. As in *Coss*, the Supreme Court held that a prisoner may not challenge a current federal sentence under § 2255 on the ground that it was enhanced by a fully expired unconstitutional state conviction, except where the expired conviction was obtained in violation of the right to counsel.

---

the District Court of New Jersey. This is unlike the Petitioner's situation, where his federal sentencing court is the Eastern District of Virginia and hence that Court is also the proper court for a Section 2255 motion whereas Petitioner's challenge to his Allegheny County Court of Common Pleas 1995 State drug conviction is properly brought in this District. These differences however do not serve to cause the holding in Gilbert to not control the holding herein. In other words, these minor factual differences are not legally significant.

This case is governed by *Maleng*, and not *Coss*, because Petitioner is directly challenging his 1991 state conviction under § 2254, instead of attacking his current federal sentence in a motion brought under § 2255. Under *Maleng*, this Court lacks jurisdiction to entertain Petitioner's challenge to the fully expired 1991 conviction. As the Supreme Court explained in *Daniels*, 532 U.S. at 381,

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (1994 ed. and Supp. V). These vehicles for review, however, are not available indefinitely and without limitation.

*Id.*

Although Petitioner is "in custody" on his current federal conviction and this Court would have subject matter jurisdiction over Petitioner's § 2255 motion, Petitioner did not file a § 2255 motion challenging his current federal sentence on the ground that it was unconstitutionally enhanced by the 1991 municipal court conviction. Instead, Petitioner filed a Petition under 28 U.S.C. § 2254 directly attacking the fully expired 1991 judgment of conviction entered in the Burlington Township Municipal Court. Under the holding of *Maleng*, Petitioner is not "in custody" on this fully expired conviction, and this Court accordingly lacks jurisdiction over the Petition under § 2254.

. . . .

To summarize, because Petitioner is not "in custody" on the 1991 conviction, this Court lacks jurisdiction to entertain this Petition challenging that conviction under 28 U.S.C. § 2254. *See Maleng v. Cook*, 490 U.S. at 491-92. . . . This Court will accordingly dismiss the Petition for lack of jurisdiction under 28 U.S.C. § 2254.

Gilbert, 2007 WL 2688940, at *5 to *7. Hence, just as in Gilbert, so also here, Petitioner's Section 2254 petition, seeking to directly attack a now fully expired State conviction that was used to enhance his current federal sentence, must be dismissed for lack of jurisdiction because Petitioner was not "in custody" pursuant to the 1995 State drug conviction/sentence at the time

- 15 -

he filed the instant Section 2254 petition that is directly and expressly attacking his 1995 State drug conviction, rather than formally directed at his currently served enhanced federal sentence. See also Ellis v. Dretke, 456 F.Supp.2d 421, 423 (W.D.N.Y. 2006)("Although Ellis is currently incarcerated on a Texas parole violation, he is not 'in custody' for purposes of obtaining habeas review of his Erie County [New York] conviction. This is because he was not 'in custody' under the Erie County conviction under attack at the time his petition was filed in 2005. *See Coss,* 532 U.S. at 403-04, 121 S.Ct. 1567 ("Similarly, Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions.") . . . . As was the case in *Coss*, Ellis's sentence imposed for the Erie County convictions--the convictions which he is now challenging on habeas review--expired on March 15, 2002, when he was discharged from parole. Ellis presently is in custody in Texas pursuant to a Texas parole violation. Following the reasoning of *Coss*, because Ellis is no longer serving the sentence imposed pursuant to his Erie County convictions, he cannot bring a federal habeas petition directed solely at those convictions.")(footnote omitted); Corines v. Warden, NO. 05-CV-2056, 2007 WL 1592975, at *2 (E.D.N.Y. June 1, 2007) ("Moreover, and of greater relevance here, a petitioner does not meet the 'in custody' requirement, even though he may be currently incarcerated, if the current incarceration is not the result of the conviction under attack in the habeas petition. . . *See also Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 396 (2001) (holding that habeas relief is not available to a petitioner in custody based upon a conviction other than the one he seeks to challenge, even if the current sentence 'was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody'").

It may seem somewhat anomalous that one may do indirectly what one may not do directly; namely, one may challenge a fully expired prior sentence that is used to enhance a currently served sentence via a habeas petition directed formally at the currently served enhanced sentence if one was without counsel in the proceedings for the fully expired prior sentence but one may not directly attack the fully expired prior sentence in a habeas petition directed formally at the fully expired prior sentence even if counsel was denied in the proceedings leading up to the fully expired prior sentence. The explanation for such a seeming anomaly is that whereas one is surely "in custody" as required under Maleng, for the currently served enhanced sentence and hence, jurisdiction is satisfied in the habeas petition directed formally at the currently served enhanced sentence, such "in custody" requirement is utterly lacking in the habeas petition directed formally at the fully expired prior sentence and consequently, jurisdiction is lacking.

In the alternative, even if it could be said somehow that Petitioner had met the "in custody" requirement in order to attack the 1995 State drug conviction and/or that the either of the exceptions referred to in Coss II had applicability herein, because the 1995 State drug conviction has long ago become final, i.e., nearly 10 years prior to filing the current petition (and there is no other basis, on this record, from which to calculate the start of AEDPA's limitations period other than the conviction becoming final), the petition is untimely filed under AEDPA and hence, should be dismissed as such. Martin v. Jackson, 152 F.Supp.2d 1114, 1118 (N.D. Ind. 2001)("Federal courts lack jurisdiction to consider a habeas petition challenging a sentence which was fully expired at the time the petition was filed. *Maleng v. Cook*, 490 U.S. 488, 490-92 (1989). However, this Court notes that, even if Martin was in custody on the conviction he is challenging, the one year statutory period for filing a federal habeas petition expired long before

he filed this petition."), *aff'd*, 298 F.3d 669 (7th Cir. 2002).

### D. Certificate of Appealability

A certificate of appealability is required by 28 U.S.C. § 2253(c) before a petitioner who has been denied relief by the District Court may appeal to a Court of Appeals. As amended by AEDPA, section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." There is a difficulty with this provision when the District Court does not decide the case on the merits, i.e., does not decide whether a petitioner has been denied constitutional rights or not but instead decides the case on a procedural ground without addressing whether there has been a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000). Instantly, this court does not decide whether Petitioner's constitutional rights were violated but, rather, decides that this Court lacks jurisdiction over Petitioner's direct attack on his now fully expired 1995 State drug conviction or in the alternative, that his petition is time barred. Thus, we are faced with the difficulty noted in Slack v. McDaniel.

In Slack v. McDaniel, the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components,

one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. The test is conjunctive and both prongs must be met. See Walker v. Government of the Virgin Islands, 230 F.3d at 90. Applying this standard to the instant case, the court concludes that jurists of reason would not find debatable whether this court's conclusion was correct that (1) this court lacks jurisdiction over Petitioner's direct challenge to his now fully expired 1995 State drug conviction and (2) that even if the Court possessed jurisdiction over this petition that it would be time barred. Accordingly, a certificate of appealability should be denied. Because of this conclusion, the court does not need to reach the other prong of the Slack v. McDaniel test, i.e., whether Petitioner has made a substantial showing of a denial of a constitutional right.

      In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

                                                 Respectfully submitted,

                                                 /s/ *Amy Reynolds Hay*
                                               United States Magistrate Judge


Dated: 15 April, 2009

cc:    The Honorable William L. Standish
       United States District Judge

       William Venson
       06845-068
       F.C.I. Otisville
       Inmate Mail/Parcels
       P.O. BOX 1000
       Otisville, NY 10963

       All Counsel of Record via CM-ECF